NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5029

VERMONT YANKEE NUCLEAR POWER CORPORATION,

Plaintiff-Appellant,

v.

ENTERGY NUCLEAR VERMONT YANKEE, LLC
and ENTERGY NUCLEAR OPERATIONS, INC.,

Plaintiffs-Appellees,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in consolidated
cases 02-CV-898 and 03-CV-2663, Judge Thomas C. Wheeler.

ON MOTION

Before NEWMAN, Circuit Judge.

## O R D E R

Vermont Yankee Nuclear Power Corporation informs the court that the United States Court of Federal Claims has disposed of the United States' motion to vacate, alter, or amend the trial court's October 30, 2008 judgment and has directed entry of judgment pursuant to Fed. R. Civ. P. 54(b). Entergy Nuclear Vermont Yankee, LLC (ENVY) moves to reform the caption to add Entergy Nuclear Operations, Inc. (ENO) as a Plaintiff-Appellee. The court considers whether the parties should be directed to show cause whether the Rule 54(b) judgment was properly entered.

The underlying proceedings involve litigation over a Standard Contract requiring Department of Energy (DOE) to accept spent nuclear fuel. Vermont Yankee owned and operated a power station that generated spent nuclear fuel until 2002. In 2002, Vermont Yankee sold the power station to ENVY. One day prior to the completion of the sale, Vermont Yankee filed suit against the United States seeking damages for (1) costs to provide for extended on-site storage of spent nuclear fuel prior to the sale of the power station and (2) alleged diminution in the sale price. In 2003, ENVY and ENO filed suit against the United States in the Court of Federal Claims to recover damages for DOE's breach of its obligation to dispose of spent nuclear fuel. ENVY and ENO sought damages for the time periods both before and after it purchased the power station. The trial court consolidated the cases.

ENVY moved for summary judgment, arguing that in the Purchase and Sale Agreement, Vermont Yankee assigned to ENVY all claims against DOE with the exception of claims relating to a one-time fee that Vermont Yankee was required to pay relating to spent nuclear fuel that power station operators already had in possession at the time they signed Standard Contracts in 1983. ENVY argued that Vermont Yankee's claims in this case, seeking pre-sale storage cost damages and damages for alleged diminution in the sale price, do not relate to the one-time fee and thus were assigned to ENVY.

The trial court granted ENVY's summary judgment motion, holding that Vermont Yankee's claims do not relate to the one-time fee and thus Vermont Yankee had not retained those claims in the Purchase and Sale Agreement. The trial court dismissed Vermont Yankee's complaint, and Vermont Yankee appealed. The United States

moved to vacate, alter, or amend the trial court's October 30, 2008 judgment, resulting in this court deactivating the appeal pending resolution of that motion. Vermont Yankee informs the court that the trial court has now resolved the United States' motion and directed entry of judgment pursuant to Rule 54(b) with respect to Vermont Yankee's claims.

This court recently ruled in a nonprecedential disposition in Boston Edison Co. v. United States, 2008-5066, -5070 (Order of Oct. 7, 2008), in a case involving claims concerning spent nuclear fuel brought by both the prior and current owner of a power station, that the claims may be so intertwined that entry of a Rule 54(b) judgment as to just one plaintiff may be improper. See also Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8-10 (1980) (trial court may decide whether claims under review were separable from others remaining to be adjudicated and "whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once if there were subsequent appeals"; court of appeals must "scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units"); W.L. Gore & Assocs., Inc. v. International Med. Prosthetics Res. Assocs., Inc., 975 F.2d 858, 862 (Fed. Cir. 1992) ("[t]he separateness of the claims for relief, on the other hand, is a matter to be taken into account in reviewing the trial court's exercise of discretion in determining that there is no just reason to delay the appeal"). The court directs Vermont Yankee and ENVY and ENO to respond whether the Rule 54(b) judgment in this case was proper.

Accordingly,

IT IS ORDERED THAT:

(1) Vermont Yankee and ENVY and ENO are each directed to respond concerning whether the trial court's entry of judgment pursuant to Rule 54(b) was proper within 14 days of the date of filing of this order. The United States may also respond within that time.

(2) ENVY's motion to reform the caption is granted. The revised official caption is reflected above.

FOR THE COURT

JUN -1 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:   Arnold Bradley Fagg, Esq.
      Richard J. Conway, Esq.
      Jeremiah M. Luongo, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 01 2009

JAN HORBALY
CLERK